

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2006

# Solanki v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3291

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Solanki v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1087.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1087

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  05-3291

SHYAM BHIKA SOLANKI,

Petitioner

v.

ALBERTO R. GONZALES,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition For Review From The Decision Of
The Board Of Immigration Appeals
No. A95 369 103
Immigration Judge:  Honorable Charles M Honeyman

Submitted Under Third Circuit LAR 34.1(a)
April 28, 2006

Before: AMBRO and FUENTES, Circuit Judges
and IRENAS,* District Judge

(Filed May 18, 2006)

OPINION

*The Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey,
sitting by designation.

IRENAS, Senior District Judge

Petitioner Shyam Bhika Solanki ("Solanki") appeals the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") opinion and order denying Solanki's application for asylum, 8 U.S.C. § 1158, withholding of removal, 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman and Degrading Treatment or Punishment ("CAT").[1] Pursuant to 8 U.S.C. § 1252, we have jurisdiction over this timely petition for review of the BIA's final determination. For the reasons set forth below, we will deny the petition.

## I.

Solanki is a Kenyan citizen of Indian ethnicity. He was admitted to the United States as a visitor on April 27, 2001, for a temporary period not to exceed November 26, 2001. On January 7, 2002, Solanki applied for asylum and withholding of removal. In February, 2002, the Department of Homeland Security served Solanki with a Notice To Appear, charging that he had exceeded the time he was permitted to remain in the United States. After conceding removability, Solanki asserted his asylum, withholding of removal, and CAT claims at a hearing before the IJ. Specifically, Solanki asserted that, while in Kenya, he suffered persecution because of his Indian ethnicity and feared future persecution if he returned to Kenya.

In support of his case, Solanki recounted three separate robberies he suffered in

---

[1] CAT has been implemented by regulations codified at 8 C.F.R. §§ 208.16 and 208.18.

Kenya. In 1992, three unknown men of African descent robbed Solanki of approximately 120,000 Kenyan shillings, beating him and stabbing him in the torso with a knife. Solanki was conducting business at the time and the cash he carried was from a recent transaction with a customer. Solanki reported the crime to the police but the men were never caught.

Similarly, in 1998, three unknown men entered Solanki's car while he was looking for a parking space near a bank. They forced him to drive for approximately two hours to Buruburu, located outside Nairobi. Upon arrival, the three men ordered Solanki out of the car and then kicked him and threw him to the ground, dislocating and fracturing his shoulder. They stripped him down to his underwear and then stole company money, Solanki's personal property (including rings and cash) and the car. A passing motorist drove Solanki to the police station where he reported the crime. Approximately a year later the police recovered the car but never found the attackers.

Solanki was robbed once again in 2000 while walking home from work. A group of unknown men of African descent pointed a gun at Solanki, forcing him to give them his wallet. The men threatened to kill Solanki if they ever saw him again. This time Solanki did not report the crime to the police.

Solanki believes he was a target of these attacks because he is an Indian and Indians in Kenya are known to be businessmen. Therefore, Solanki explained, Indians are perceived to be wealthy by the poorer Kenyans, who are most often of African

3

descent.[2]  Solanki also submitted the U.S. Department of State Country Report for Kenya

for the year 2000, which states:

> There is widespread resentment among the citizens of African ethnicity
> toward Asians living in the country.  The Asian community constitutes
> between 0.5 and 1 percent of the total population. . . . Many African
> Kenyans resent persons of Asian descent for their affluence, and for
> their reluctance to assimilate African culture and to employ blacks,
> particularly in management positions.  They also see Asians as taking
> jobs and commercial opportunities. . . . Politicians, both opposition and
> ruling party, from time to time, appeal to the majority prejudices by
> attacking Asian citizens, accusing them of exploiting and usurping the
> natural inheritance of African citizens.

Solanki further testified that he was once fired from a management position

because he received anonymous threats,[3] causing his boss to be concerned that the

business would be at risk if Solanki continued to work for him.

## II.

Because the BIA affirmed without opinion the IJ's order denying relief, we review

the IJ's decision.  *Berishaj v. Ashcroft*, 378 F.3d 314, 322 (3d Cir. 2004).  Factual

findings must be upheld if supported by substantial evidence.  *Singh v. Gonzalez*, 406

F.3d 191, 195 (3d Cir. 2005); *see also* 8 U.S.C. § 1252(b)(4)(B) ("administrative findings

of fact are conclusive unless any reasonable adjudicator would be compelled to the

contrary").  "If a reasonable fact finder could make a particular finding on the

---

[2]  Solanki testified that most businesses in Kenya are owned by Indians: "Dunkin
Donuts, 7-11– everything is by Indian [sic].  The people who work under you is [sic] the
black people."

[3]  The nature of these threats is not described in the record.

4

administrative record, then the finding is supported by substantial evidence. Conversely, if no reasonable fact finder could make that finding on the administrative record, the finding is not supported by substantial evidence." *Berishaj*, 378 F.3d at 322-23 (quoting *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003)(en banc)).

### III.

### A.

The IJ held that Solanki was not eligible for asylum because the evidence did not establish Solanki had personally suffered past persecution or had a well-founded fear of future persecution.[4] The IJ determined that the robberies and threats Solanki experienced did not amount to persecution because nothing in the record "suggest[ed] that the motivation [for the robberies and threats] was, even in part, on the basis of a protected ground, such as a respondent's race or, in this case, ethnicity as described as Indian."

"To establish eligibility for asylum, an applicant must demonstrate past persecution by substantial evidence or a well-founded fear of persecution that is both subjectively and objectively reasonable." *Singh*, 406 F.3d at 195. The persecution must also be "*on account of* race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A)(emphasis added).

The IJ held, and we agree, that Solanki failed to establish the requisite connection

---

[4] The IJ also held that the evidence did not establish a widespread "pattern or practice," 8 C.F.R. § 208.13(b)(2), of persecution against Indians in Kenya on a nationwide basis. Solanki does not challenge this aspect of the IJ's ruling; therefore, we do not address it.

5

or nexus between his ethnicity and the asserted persecution.[5]  Section 1101(a)(42)(A) "'makes motive critical.'"  *Lie v. Ashcroft*, 396 F.3d 530, 535 (3d Cir. 2005) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478 (1992)).  Thus, an applicant for asylum "'must provide *some* evidence of motive, direct or circumstantial.  And if he seeks to obtain judicial reversal of the BIA's determination, he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" *Id.* (emphasis in original); *see also Singh*, 406 F.3d 191, 197 ("[A]n applicant must show that the persecution was motivated, *at least in part*, by one of the protected characteristics.")(emphasis in original).

Here, Solanki's evidence is almost entirely lacking with respect to motivation based on his ethnicity.  Moreover, the evidence in the record certainly is not so compelling for us to conclude that the IJ was unreasonable in failing to find that the robberies resulted from even a mixed motive.  Solanki did not put forth any evidence that any of his attackers ever uttered an ethnic slur or insult.[6]  *Contrast Singh*, 406 F.3d at

---

[5]  Because we will deny the petition on other grounds, we assume without deciding that Solanki's injuries resulting from the robberies, along with the threat to his life, were sufficiently severe to constitute persecution.  However, we note that this Court has previously held that "[s]imple robbery, in isolation, while unfortunate and troubling, does not seem to [constitute persecution]. . . . [T]wo isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, is not sufficiently severe to be considered persecution." *Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005); *see also DeSouza v. INS*, 999 F.2d 1156, 1159 (7th Cir. 1993)(holding that private racial discrimination and harassment of a Kenyan citizen of Indian descent does not establish persecution).

[6]  We further note that even if Solanki had submitted such evidence, that evidence by itself probably would not be sufficient.  *See Lie,* 396 F.3d at 535 (a "single ethnic slur"

6

198-99 (concluding that police officers who beat Singh were at least partially motivated by his dissenting political opinions because they talked about his political activities while they beat him and threatened to kill him if he continued his activities). Nor was there any particular character to the robberies and threats that would allow the inference that the assailants' actions were meant to convey a message consistent with hatred toward ethnic Indians.

We agree with the IJ that the only motivation disclosed by these three incidents, which occurred over the span of approximately eight years, is a desire for wealth and resentment towards those with wealth. *See also Patel v. Gonzalez*, 126 Fed. Appx. 283, 291 (6th Cir. 2005) (non-precedential opinion) (holding that the robberies of Patel, a Kenyan citizen of Indian descent, by Kenyans of African descent "were simply indicative of resentment towards Patel due to his wealth. . . . As the Immigration Judge found, the incidents of robbery are attributable to class tensions and Patel's affluence, rather than to persecution."). Therefore we conclude that the IJ's decision with respect to Solanki's asserted past persecution or well-founded fear of future persecution was supported by substantial evidence.

**B.**

We also hold that the IJ's decision denying withholding of removal and CAT protection was supported by substantial evidence. An applicant's burden of proof with

---

uttered during a robbery was insufficient to establish that the thieves were motivated by the applicant's ethnicity).

7

respect to both of these claims is significantly higher than his burden for an asylum claim. To obtain withholding of removal, an applicant must establish that it is more likely than not that he will face persecution if he is deported. 8 U.S.C. § 1231(b)(3); *Chen v. Ashcroft*, 376 F.3d 215, 223 (3d Cir. 2004)("An alien who fails to establish that he or she has a well-founded fear of persecution, so as to be eligible for a grant of asylum, necessarily will fail to establish the right to withholding of removal."). Similarly, an applicant seeking CAT protection must establish that it is more likely than not that he would be tortured if removed to the proposed country of removal. *Wang v. Ashcroft*, 368 F.3d 347, 348 (3d Cir. 2004) ("the standard for invocation of the CAT is more stringent than the standard for granting asylum"). Because the evidence discussed above does not establish that Solanki has a well-founded fear of persecution, we agree with the IJ that the evidence is insufficient to support either a withholding of removal or CAT claim.

## IV.

Based on the foregoing we deny Solanki's Petition for Review in its entirety.